TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00612-CR






Oscar Ismael Sanchez, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 49,653, HONORABLE JOE CARROLL, JUDGE PRESIDING 






 A jury convicted Oscar Ismael Sanchez, Jr. of murder and assessed sentence at life
in prison. Sanchez contends the district court erred by denying a motion for mistrial when the
State argued outside the record, by charging the jury with a theory outside the indictment, by
allowing the State to ask a question that violated the witness-exclusion rule, and by overruling his
objection to the State asking a non-expert witness about inferences jurors could draw from police
reports. We will affirm the judgment.


BACKGROUND


 Sanchez fired a shot that killed Carmen Shaw. He claimed that her death was
wholly unintended, but the jury convicted him of felony murder.

 Carmen Shaw and her husband, Mike Shaw, were out eating dinner at a restaurant
with their daughter, Sabrina Shaw, and her boyfriend, Marcus Schoeffler. While they ate,
Sanchez and his friend, Leonardo "Tweety" Casias, were looking to settle an old score with
Schoeffler.

 Sanchez and Tweety planned to scare Schoeffler with gunfire because Schoeffler
had previously shot Tweety. Sanchez and Tweety started drinking and went looking for
Schoeffler. They found his car outside the Shaw residence and waited in back of the house.

 Schoeffler and the Shaws returned to the house in one vehicle. Schoeffler and
Sabrina went to the house first and entered through a door in a breezeway. Tweety urged Sanchez
to shoot Schoeffler, but Sanchez declined; he testified that his plan was to scare Schoeffler, not
kill him. Sanchez said he did not see anyone else, and ran toward the house shooting with no
particular aim, hitting the screen door in the breezeway six times. There were apparently three
direct hits and three ricochets.

 Carmen Shaw had followed her daughter to the house. She was killed by a
ricocheting bullet that struck between her left eye and the bridge of her nose. 

 

DISCUSSION


 Sanchez complains about the admission of testimony, the jury charge and the State's
jury argument. If the record reveals a constitutional error subject to harmless-error review, we must
reverse unless we determine beyond a reasonable doubt that the error did not contribute to the
conviction. Tex. R. App. P. 44.2(a). We must disregard any non-constitutional error that does not
affect substantial rights. Tex. R. App. P. 44.2(b). We find no basis on which to reverse the
judgment.

 We will consider the issues pertaining to the admission of testimony first. By issue
three, Sanchez complains that the district court erroneously allowed the State to disclose the
substance of a witness's testimony to another witness despite the invocation of Texas Rule of
Evidence 614 ("the witness-exclusion rule"). By issue four, Sanchez complains of the district
court's allowing the State to ask a non-expert witness about inferences the jury could draw from
police reports, thereby violating Texas Rule of Evidence 701.

 We need not consider the merits of these complaints because any error in the
admission of the evidence was harmless. In the exchange underlying issue three, the prosecutor
was examining a witness who said that, on the evening of the murder, he saw Sanchez drive by
the ninth-grade center where the witness was playing basketball. Sanchez complains about the
court allowing the prosecutor to tell the witness, "I know from the testimony of Officer Gary Hall
that this ninth grade center we are talking about is on Farm-to-Market Road 2410." The location
of the ninth-grade center is not an element of the offense, it is not the location of the offense, nor
does Sanchez contend it bears on any disputed fact or defensive issue. No harm resulted from the
prosecutor's statement. The exchange underlying issue four is similarly unimportant. During the
State's examination of a police detective, the following exchange occurred:

 

 Q. Does State's Exhibit 11, his statement to you, indicate that he returned the
green Nissan Maxima that belonged to his father at some point that evening home
to his father's house before the shooting of Carmen Shaw? Or is that a reasonable
inference from that statement, either one?


* * *



 A. Yes, it does.

Sanchez contends that the statement speaks for itself and that the witness did not demonstrate his
competence to speculate on the meaning of the statement. The detective's speculation was not
harmful, however. In the statement, Sanchez admits going to the scene, intending to scare
Schoeffler, and shooting a gun. How Sanchez was transported to and from the scene is not an
element of the crime, and Sanchez has not alleged that his mode of transport is relevant to any
disputed issue or defense. Neither asserted error affected Sanchez's substantial rights or
contributed in any way to his conviction. Any error in admission of evidence regarding the
transportation is harmless. We resolve issues three and four against Sanchez.

 By issue two, Sanchez contends that the district court erred by submitting a jury
charge that fatally diverged from the indictment. The indictment charged, in pertinent part that
Sanchez


 did then and there, commit and attempt to commit a felony, to wit: Deadly
Conduct, and in the course of and in furtherance of the commission and attempt,
and in the immediate flight from the commission and attempt, the said defendant
knowingly, intentionally and recklessly committed and attempted to commit an act
clearly dangerous to human life, to wit: firing a deadly weapon, to wit: a firearm
at and in the direction of Marcus Schoeffler, that caused the death of an individual,
Carmen Shaw . . . .



Sanchez complains of the instruction in the charge that, "A person commits the offense of Deadly
Conduct if he knowingly discharges a firearm at or in the direction of: (1) one or more
individuals; or (2) a habitation, building, or vehicle and is reckless as to whether the habitation,
building, or vehicle is occupied." The court later charged the jury as follows in the application
paragraph:


 if you believe from the evidence beyond a reasonable doubt that . . . the Defendant
OSCAR ISMAEL SANCHEZ, JR. did then and there commit, or attempt to
commit a felony, to wit: Deadly Conduct, and in the course of, or in furtherance
of the commission or attempt, or in the immediate flight from the commission or
attempt, the said OSCAR ISMAEL SANCHEZ, JR., did knowingly or
intentionally or recklessly commit or attempt to commit an act clearly dangerous
to human life, to wit: firing a deadly weapon, to wit: a firearm, at or in the
direction of Marcus Schoeffler, that caused the death of an individual, Carmen
Shaw . . . .



Sanchez complains that the definition of deadly conduct allowed the jury to convict him for
shooting at the house when the indictment allows conviction only for the deadly conduct of
shooting toward a person. Comparison of the indictment and the application paragraph show that
the charge tracks the indictment in how it discusses deadly conduct and other elements. In both
the indictment and the charge, the manner of the commission of the felony of deadly conduct is
nonspecific. In both the indictment and the charge, the limitation to firing at Schoeffler is
included only in the "act clearly dangerous to human life" committed in furtherance of the deadly
conduct, not the deadly conduct itself. The charge authorizes conviction on the same theories
included in the indictment. We resolve issue two against Sanchez.

 By issue one, Sanchez contends that the district court erred by failing to declare a
mistrial when the prosecutor twice injected his personal observations of the crime scene into
argument. The prosecutor had not testified, so those observations were not part of the record. 
After discussing how the trajectory of the bullets did not square with Sanchez's testimony
regarding what he could see and where he was shooting, the following exchanges occurred:


 (MR. CARROLL, THE PROSECUTOR): It's physically impossible for that to be

 true. Yet, he wants you to believe it.


 And that's because he don't like to look at what [he] did. 
You don't like to see what you did to this lady out of your
senseless gang stupidity. Senseless gang.


 I guess he should have some of the cops if I was there that night, if
I saw this. He never asked that question. I saw it firsthand, folks,
This is in my neighborhood, too.


 MR. BARRERA: Objection, Your Honor. This is clearly outside of the
record. He's not a witness.


 MR. CARROLL: You opened it up.


 MR. BARRERA: He's not giving testimony as to what he saw.


 THE COURT: Sustained.


 MR. BARRERA: I object. Excuse me, Judge. I ask the Court to instruct the
jury to disregard the last comment of this prosecutor.


 THE COURT: The jury will disregard the last remark.


 MR. BARRERA: And we, furthermore, based upon it being totally outside the
record, so inflammatory and prejudicial we ask for a
mistrial.


 THE COURT: Overruled. 


 MR. CARROLL: That's how I remember Carmen Shaw. That's a sad way to
go out of this world. We all hope we die of natural causes. 
We certainly don't --This lady deserves a lot of justice in this
courtroom today.


 MR. BARRERA: Excuse me.


 THE COURT: Yes, sir.


 MR. BARRERA: I want the record to reflect, Your Honor, that he has
demonstrated to the jury an exhibit marked State's Exhibit
No. 44 and again has injected himself into this case as a
witness by saying that's how he remembers Carmen Shaw. 
It is outside of the record. It's totally improper. We object
to it.


 THE COURT: Your objection is sustained.


 MR. BARRERA: And, Your Honor, because he has not once but twice gone
over that line, we ask the Court to instruct the jury to
disregard that statement and that argument.


 THE COURT: Yes, Ladies and gentlemen of the jury, you should disregard
the remarks of the attorney regarding where he was or what
he saw or where he lives or his neighborhood.


 MR. BARRERA: And not withstanding the instruction of the Court to the jury
to disregard because he has done it now twice, I must move
this Court to grant a mistrial.


 THE COURT: Overruled.



Proper jury argument includes only summation of the evidence presented, reasonable deductions
therefrom, answer to argument of opposing counsel, or a plea for law enforcement. See Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). To constitute reversible error, jury
argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. 
Id. In most cases, an instruction to disregard will cure any error committed. Id.

 We conclude that the district court did not err by refusing to declare a mistrial. 
Sanchez correctly objected and the district court correctly sustained his objections and instructed
the jury to disregard the prosecutor's proclamations regarding "where he was or what he saw or
where he lives or his neighborhood." Though highly improper, this unnecessary argument did
not inject harmful new facts into the record. The only specific sight the prosecutor "testified" as
to seeing was Carmen Shaw's lifeless body. There is ample evidence, including the photographic
exhibit the prosecutor apparently brandished, that Mrs. Shaw was struck and killed by a bullet;
because this evidence is not disputed, the prosecutor's statement that he personally saw her body
at the scene does not tip the balance on any disputed issue. A mistrial, therefore, was not required
and the district court did not err by denying the motion. We resolve issue one against Sanchez.


CONCLUSION


 Having resolved all issues against Sanchez, we affirm the judgment of the district
court.



 
 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish



o be

 true. Yet, he wants you to believe it.


 And that's because he don't like to look at what [he] did. 
You don't like to see what you did to this lady out of your
senseless gang stupidity. Senseless gang.


 I guess he should have some of the cops if I was there that night, if
I saw this. He never asked that question. I saw it firsthand, folks,
This is in my neighborhood, too.


 MR. BARRERA: Objection, Your Honor. This is clearly outside of the
record. He's not a witness.


 MR. CARROLL: You opened it up.


 MR. BARRERA: He's not giving testimony as to what he saw.


 THE COURT: Sustained.


 MR. BARRERA: I object. Excuse me, Judge. I ask the Court to instruct the
jury to disregard the last comment of this prosecutor.


 THE COURT: The jury will disregard the last remark.


 MR. BARRERA: And we, furthermore, based upon it being totally outside the
record, so inflammatory and prejudicial we ask for a
mistrial.


 THE COURT: Overruled. 


 MR. CARROLL: That's how I remember Carmen Shaw. That's a sad way to
go out of this world. We all hope we die of natural causes. 
We certainly don't --This lady deserves a lot of justice in this
courtroom today.


 MR. BARRERA: Excuse me.


 THE COURT: Yes, sir.


 MR. BARRERA: I want the record to reflect, Your Honor, that he has
demonstrated to the jury an exhibit marked State's Exhibit
No. 44 and again has injected himself into this case as a
witness by saying that's how he remembers Carmen Shaw. 
It is outside of the record. It's totally improper. We object
to it.


 THE COURT: Your objection is sustained.


 MR. BARRERA: And, Your Honor, because he has not once but twice gone
over that line, we ask the Court to instruct the jury to
disregard that statement and that argument.


 THE COURT: Yes, Ladies and gentlemen of the jury, you should disregard
the remarks of the attorney regarding where he was or what
he saw or where he lives or his neighborhood.


 MR. BARRERA: And not withstanding the instruction of the Court to the jury
to disregard because he has done it now twice, I must move
this Court to grant a mistrial.


 THE COURT: Overruled.



Proper jury argument includes only summation of the evidence presented, reasonable deductions
therefrom, answer to argument of opposing counsel, or a plea for law enforcement. See Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). To constitute reversible error, jury
argument must be extreme or manifestly improper, or inject new and harmful facts into evidence. 
Id. In most cases, an instruction to disregard will cure any error committed. Id.

 We conclude that the district court did not err by refusing to declare a mistrial. 
Sanchez correctly objected and the district court correctly sustained his objections and instructed
the jury to disregard the prosecutor's proclamations regarding "where he was or what he saw or
where he lives or his neighborhood." Though highly improper, this unnecessary argument did
not inject harmful new facts into the record. The only specific sight the prosecutor "testified" as
to seeing was Carmen Shaw's lifeless body. There is ample evidence, including the photographic
exhibit the prosecutor apparently brandished, that Mrs. Shaw was struck and killed by a bullet;
because this evidence is not disputed, the prosecutor's statement that he personally saw her body
at the scene does not tip the balance on any disputed issue. A mistrial, therefore, was not required
and the district court did not err by denying the motion. We resolve issue one against Sanchez.


CONCLUSION


 Having resolved all issues against Sanchez, we affirm the judgment of the district
court.



 
 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10